```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROHAN JOHNSON,

                  Petitioner,                    MEMORANDUM & ORDER
                                                 08-CV-3487 (JS)
        -against-

UNITED STATES OF AMERICA,

                  Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Rohan Johnson, pro se
                   988 Myrtle Ave
                   Brooklyn, NY 11206

For Respondent:    James M. Miskiewicz, Esq.
                   United States Attorneys Office
                   Eastern District of New York
                   610 Federal Plaza
                   Central Islip, NY 11722
```

SEYBERT, District Judge:

On August 21, 2008, Rohan Johnson ("Petitioner"), proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. Section 2255. Petitioner maintains that he received ineffective assistance of counsel and that he was subject to "legal coercion." For the reasons stated below, Petitioner's application is DENIED.

## BACKGROUND

Petitioner was arrested for falsely portraying himself to be the lawful owner of various residential properties and attempting to sell the properties to unsuspecting purchasers. On February 23, 2007, Petitioner entered a plea of guilty to all four

counts of a Superseding Indictment charging him with conspiracy, theft and conversion of government property, and mail fraud conspiracy in violation of 18 U.S.C. §§ 371, 641, and 1349. During his plea allocution, the Court thoroughly questioned Petitioner to ensure that his plea of guilty complied with the requirements of Federal Rule of Criminal Procedure 11.[1]  The Court also ensured

---

[1] The following colloquoy took place at Petitioner's plea allocution:

THE COURT: All right. Prior to coming to court, have you had any drugs, prescription drugs, alcohol, anything of that sort that might cloud your ability to understand?
Petitioner: Negative.
THE COURT: And are you satisfied with the services of your attorney Ms. Chavis?
Petitioner: Affirmative.
THE COURT: And you have discussed this plea agreement with Ms. Chavis?
Petitioner: Correct.
THE COURT: And you understand all your rights; that you have a right to go to trial, Ms. Chavis would represent you, you could call witnesses, you could testify if you wanted to testify, not testify if you didn't want to.  And the government would have to prove you guilty beyond a reasonable doubt. Do you understand that, sir?
Petitioner: Affirmative.
THE COURT: However, if you plead guilty you give up your right to go to trial and you subject yourself to a number of penalties.
********************************
THE COURT: In addition, you are giving up any defenses you may have with regard to the voluntariness of this plea?
Petitioner: Could you?
THE COURT: In other words, you are saying that your plea is voluntary.
Petitioner: Correct.
THE COURT: And you are pleading guilty because you are guilty and for no other reason.
Petitioner: Correct.

2

Petitioner's satisfaction with defense counsel both during the plea allocution[2] and sentencing. On July 6, 2007, this Court sentenced Petitioner to forty-six months of imprisonment on each count, to run concurrently. Petitioner appealed, and on October 21, 2008, the Second Circuit Court of Appeals affirmed Petitioner's judgment of conviction. United States v. Johnson, 293 Fed. Appx. 59, 62 (2d Cir. 2008).

Petitioner now argues that his court-appointed attorney, Randi Chavis ("Chavis") "did not act effectively . . . and thus [Petitioner has] been prejudiced by said omission and errors." Pet. P. 5. Additionally, Petitioner maintains that he was subject to "legal coercion." In support of this claim, Petitioner

---

(Tr. Feb. 23, 2007 3-8.)

[2] The following took place at Petitioner's sentencing:
THE COURT: All right. Prior to coming to court today, have you had any drugs, alcohol or medication of any kind?
Petitioner: Negative.
THE COURT: Any reason that you can think of why you wouldn't understand this proceeding?
Petitioner: No.
THE COURT: Okay. All right. You're satisfied with Chavis' services?
Petitioner: Her services?
THE COURT: In other words, for representing you, or attempting to present your arguments to the Court.
Petitioner: I have no tangible evidence of any, you know, miscarriage [sic] or anything.
(Tr. July 6, 2007 3.)

maintains, "[t]he court failed in its mandatory duty to provide 'due process of law' to [Petitioner]. All that government does and provides legitimately is in pursuit of its duty to provide protection for private rights . . . , which duty is a debt owed to its creditors/creators. This individual owes nothing to the government." Id. at 6. (citations omitted).

DISCUSSION

I. Ineffective Assistance of Counsel

To prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance "fell below an objective standard of reasonableness" and that he was prejudiced by his counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Petitioner has absolutely failed to make such a showing. In fact, Petitioner alleges absolutely no facts whatsoever which even remotely suggest ineffective assistance of counsel. Rather, Petitioner spews legal jargon setting forth the general principal that he is entitled to effective assistance. The Court has reviewed the record and finds absolutely no basis supporting Petitioner's claim of ineffective assistance of counsel; rather, it is clear to the Court that counsel acted diligently and reasonably in her representation of Petitioner.

II. <u>Legal Coercion</u>

Petitioner next claims that he suffered "legal coercion." This claim is utterly without merit. To the extent that Petitioner now claims he was coerced into entering a plea of guilty, as above stated, Petitioner knowingly and voluntarily entered a guilty plea with full knowledge of the factual basis of the plea and the consequences of entering a plea. The Court thoroughly questioned Petitioner during his plea allocution to ensure that Petitioner's plea was voluntary. Petitioner repeatedly stated during his plea and during sentencing that he understood he was entering a plea of guilty to all charges of the Superseding Indictment. Petitioner has not presented any credible arguments indicating that he was not fully informed of the consequences of pleading guilty. "Petitioner points to nothing in the record, other than his own self-serving assertions, to suggest that his plea was in any way defective." <u>Vargas v. United States</u>, No. 00-CV-2275, 2007 U.S. Dist. LEXIS 60214, at *27 (E.D.N.Y. July 27, 2007).

In a memorandum submitted in support of his Petition, Petitioner also maintains that this Court lacked jurisdiction over his criminal case. This argument was rejected by the Second Circuit on appeal, and is again rejected by this Court.

## CONCLUSION

For the reasons stated above, the petition for a writ of

habeas corpus pursuant to 28 U.S.C. Section 2255 is DENIED.

Pursuant to Fed. R. "App. Pro. 22(b) and 28 U.S.C. Section 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

The Clerk of the Court is directed to mark this matter closed and terminate all pending motions.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  Central Islip, New York
        December   28  , 2009